IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NELSON LOUIS THOMAS,

    Petitioner,               No. CIV S-10-1005 DAD P

    vs.

BOARD OF PRISON TERMS,

    Respondent.             ORDER

_____/

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    It appears from the petition before the court that petitioner is attempting to challenge the findings at both his 2004 and 2007 parole hearings that he was unsuitable for release on parole. However, a single habeas petition may only challenge one judgment. Rule 2(e), Rules Governing Section 2254 Cases; see also Melchhionne v. Tilton, No. 1:08-cv-00116 OWW DLB HC, 2008 WL 608385, at *2 (E.D. Cal. March 4, 2008) ("[Petitioner] may not

challenge several different decisions in a single petition; he must challenge one decision per habeas petition[.]  Separate petitions are required because exhaustion, venue, procedural default issues, statute of limitations, mootness concerns, and remedies are different for each decision.")  Therefore, the court will dismiss the petition and order petitioner to file an amended habeas petition challenging only one decision rendered by the Board of Prison Terms.  Petitioner is directed to file a separate habeas petition challenging the other parole denial decision if he wishes to seek federal habeas review of both decisions.

Petitioner is also advised that in his amended petition, he should name as the respondent the warden of the facility where he is incarcerated.  A failure to name the proper respondent destroys personal jurisdiction.  Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); see also Smith v. Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004) (holding that the court cannot grant effective relief if the respondent who is named does not have the power to order the petitioner's release).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (Doc. No. 1 at 9-11), is granted;

2. Petitioner's petition for a writ of habeas corpus is dismissed;

3. Petitioner is granted thirty days from the date of service of this order to file an amended habeas petition that complies with the requirements of the Federal Rules of Civil Procedure; the amended petition must bear the docket number assigned this case and must be labeled "Amended Petition;" petition must use the form petition provided by the court and answer each question; petitioner's failure to file an amended petition in accordance with this order will result in the dismissal of this action; and

/////

/////

/////

4. The Clerk of the Court is directed to provide petitioner with the court's form petition for a writ of habeas corpus.

DATED: October 5, 2010.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
thom1005.9