IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NELSON LOUIS THOMAS,

    Petitioner,                    No. CIV S-10-1005 MCE DAD P

    vs.

KATHLEEN L. DICKINSON, et al.,      <u>ORDER AND</u>

    Respondents.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therein, petitioner challenges the 2007 decision of the California Board of Parole Hearings (Board) finding him unsuitable for parole. Before the court is respondents' motion to dismiss the petition on the grounds that it was filed beyond the applicable one-year statute of limitations. (Doc. No. 15) In opposition, petitioner has filed a motion for a stay. (Doc. No. 16)

**I. MOTION TO DISMISS**

A. <u>Respondents' Motion</u>

        In moving to dismiss the habeas petition pending before this court, respondents provide the following chronology. On October 26, 2007, the Board's decision denying petitioner parole became final. (Doc. No. 15 at 2.) The one-year statute of limitations for seeking federal

1

1  habeas relief with respect to that decision ran for 149 days until March 24, 2008, when petitioner
2  filed his petition for a writ of habeas corpus challenging the decision with the Los Angeles
3  County Superior Court.  (Id. at 2-3.)  The statute of limitations for the filing of a federal petition
4  was tolled from March 24, 2008, while petitioner's various habeas petitions were pending in state
5  court, until December 17, 2009, when the California Supreme Court denied petitioner's petition
6  for a writ of habeas corpus.  (Id.)  Respondents contend in summary fashion that the original
7  federal petition filed with this court was defective and did not stop or toll the one-year AEDPA
8  statute of limitations.  (Id. at 3) (citing Duncan v. Walker, 533 U.S. 167 (2001)).  According to
9  respondents, the statute of limitations for the filing of a federal petition therefore ran another 301
10 days from December 18, 2009 until October 15, 2010, when petitioner filed his amended federal
11 habeas petition with this court.  (Id.)  Respondents contend that because the statute of limitations
12 ran for a total of 450 days (149 days plus 301 days), the amended federal habeas petition was not
13 timely filed and is barred.  (Id. at 3-4.)

B.  Petitioner's Motion for a Stay

        The court has construed petitioner's motion for a stay as his opposition to
respondents' motion to dismiss.  Therein, petitioner contends that he was unable to file his
federal habeas petition with this court any earlier for the following reasons.  First, petitioner's
federal habeas filing was delayed because of prison lock downs.  (Doc. No. 16 at 1.)  In this
regard, petitioner has requested institutional records to show the court that several lock downs
occurred at his institution of confinement over the past three years.  (Id.)  Thus far, petitioner
reports, he has been unable to obtain the requested prison records.  See Doc. Nos. 17 and 19
(Petitioner's Letters).  Second, petitioner contends that he was not notified by the California
Supreme Court concerning its decision denying him state habeas relief until seventy-eight days
after that court's decision.  (Doc. No. 16 at 2.)  Third, petitioner contends that delay in filing his
federal petition was also due to the prison library schedule from June 2007 to December 2009,
his inability to obtain priority legal status, his limited access to the prison library during lock

downs, and the failure of prison staff to issue him a library ducat. (Id.) Petitioner contends that he had little control over the circumstances described above. (Id. at 3.)

## II. ANALYSIS

A. <u>AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997).

B. Discussion

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations for the filing of a federal habeas petition in this case began to run the day after the Board's decision became final

on October 27, 2007.  See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (holding that §2244(d)(1)(D) applies in the context of parole decisions and that the Board's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period); Tidwell v. Marshall, 620 F. Supp. 2d 1098, 1100-01 (C.D. Cal. 2009) (holding that the statute of limitations for the filing of a federal habeas petition begins to run the day after the Board's decision becomes final, not the date of the parole hearing).

That statute of limitations ran for 116 days until February 20, 2008, when petitioner signed his first state habeas petition which was filed with the Los Angeles County Superior Court.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. Aug. 13, 2010) (holding that the mailbox rule applies to state and federal petitions and is deemed filed when it is handed over to prison authorities for mailing); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003) (applying mailbox rule and concluding that the earliest filing date was when the federal habeas petition was signed), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).  Therefore, petitioner's statute of limitations for seeking federal habeas relief ran for 116 days from October 27, 2007 to February 20, 2008.

Pursuant to 28 U.S.C.  2244(d)(2), the statute of limitations is tolled during the time a properly filed application for State post-conviction or other collateral review is pending in state court.  Thus, the AEDPA statute of limitations was tolled here until the California Supreme Court issued its decision denying state habeas relief on December 18, 2009.  The statute of limitations for the filing of a federal habeas petition began to run once again on December 19, 2009, and continued to run for another 106 days until April 4, 2010, when petitioner placed his original federal habeas petition in the prison mail system.  See Doc. No. 1 at 196 (Proof of Service).

Thus, when petitioner submitted his original petition to prison officials for filing with the U.S. District Court for the Central District of California only 222 days (116 days + 106

4

days) had run on the one-year statute of limitations for doing so.  Accordingly, petitioner's original petition was clearly timely.  However, as noted above, respondents contend that the one year statute of limitations ran unabated from December 18, 2009, until October 15, 2010, when petitioner filed his amended federal petition that is now pending before this court.  Under respondents' calculation, that amended petition was untimely filed.

    The court rejects respondents' argument in this regard.  At the outset, the court notes that application of the relation back doctrine under Federal Rule of Civil Procedure 15(c) in the habeas context has most frequently occurred where courts have dealt with mixed petitions containing both exhausted and unexhausted claims.  See Mayle v. Felix, 545 U.S. 644 (2005).  One case arising in that context is particularly instructive to the issue raised by respondents here.  In Garcia v. Yates, No. 08cv1993 LAB (Wmc), 2010 WL 5582901 (S.D. Cal. Oct. 12, 2010), respondent moved to dismiss the original habeas petition filed with that court on the grounds that it was an improper, mixed petition.  The court granted the motion to dismiss but allowed petitioner 30 days to file an amended petition containing only his exhausted claims.  2010 WL 5582901, at *1.  After numerous extensions of time spanning eight months were granted to petitioner, he filed his amended petition.  Respondent moved to dismiss, arguing that under the holding in Raspberry v. Garcia, 448 F.3d 1150, 1155 (9th Cir. 2006), the amended petition could not relate back to the original petition for statute of limitations purposes because the court had dismissed the original petition and there was, therefore, nothing to relate back to.  Garcia, 2010 WL 5582901, at *2.  The district court rejected the argument, which was essentially the same as that advanced by respondents here, and distinguished Raspberry on the grounds that there the district court had dismissed the original habeas petition with prejudice.  2010 WL 5582901, at *4.  In contrast, in Garcia, the court observed that it had not dismissed the original petition with prejudice but had granted petitioner leave to amend and that the claims set forth in the amended petition were all contained in the timely filed original petition.  (Id.)  Under those circumstances, the court in Garcia found that the amended habeas petition did relate back to the timely filed

original petition and denied respondent's motion to dismiss. That same reasoning applies here as well.[1] Accordingly, the undersigned concludes that petitioner's amended federal petition filed on October 15, 2010, relates back to his timely filed original petition which he placed in the prison mail system on April 4, 2010. On that basis the respondent's motion to dismiss the amended petition as time barred should be denied.

Alternatively, even if petitioner's amended petition does not relate back to his timely filed original petition, he is entitled to equitable tolling of the AEDPA statute of limitations for the entire period between the filing dates of those two petitions. As one Magistrate Judge of this court has observed:

> Nor could petitioner argue that the instant petition relates back to his earlier filed petition. Barring some extraordinary mistake on the part of the court in dismissing the first petition, See Anthony v. Cambra, 236 F.3d 568, 574 n. 1 (9th Cir.2001), a dismissed petition cannot stand as the basis for a relation back order. Green v. White, 223 F.3d 1001, 1002 (9th Cir.2000); Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir.1999).

Fisher v. Ramirez-Palmer, 219 F. Supp. 2d 1076, 1079 (E. D. Cal. 2002). However, if the amended petition in this case were found not relate back to the original petition, such a mistake on the part of the court and in its directions to petitioner is exactly what occurred here. On October 6, 2010, the undersigned issued an order dismissing the original petition filed in the Central District and transferred to this court because it appeared to contain allegations by petitioner attacking both the Board's 2004 and 2007 parole denials. The undersigned instructed petitioner that he could only challenge one parole denial in a single habeas petition and directed him to file an amended petition, which petitioner timely filed and in which he challenged only the Board's 2007 parole denial on the same grounds that he had presented in his original petition.

---

[1] Such a conclusion is consistent with Ninth Circuit authority drawing a distinction between cases in which a habeas action is dismissed with prejudice, or even without prejudice but not with specific leave to amend, and cases in which the court expressly or impliedly retains jurisdiction over the original petition by granting leave to amend within a designated period of time. See Anthony v. Cambra, 236 F.3d 568, 574 n. 1 (9th Cir.2001); Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir.1999).

1  The undersigned erred in dismissing the original petition and granting leave to amend.  The court
2  instead should have instructed petitioner to dismiss his claims challenging one of the Board's
3  parole decisions and proceed on his original petition with respect to the remaining claims.  Here,
4  petitioner merely followed the undersigned's arguably erroneous instructions.
5           Under these circumstances petitioner is entitled to equitable tolling of the AEDPA
6  statute of limitations from April 4, 2010, when he submitted his original petition for filing, to
7  October 15, 2010, when he timely filed his amended petition in keeping with this court's order.
8  See Smith v. Ratelle, 323 F.3d 813, 819 (9th Cir. 2003) ("Because the district court instead
9  summarily dismissed this petition and provided a misleading explanation of Smith's options to
10 avoid a procedural default, Smith lost the opportunity for federal habeas review - even for the six
11 claims that had been properly exhausted.  Because Smith is entitled to the benefit of equitable
12 tolling, his third habeas petition is timely."); Anthony, 236 F.3d at 574 n.1 ("The district court
13 erred in dismissing the petition without leave to amend; it acted within its discretion when it
14 corrected its error by construing Anthony's June 13 filing as an amendment." ); see also
15 Raspberry, 448 F.3d at 1155 ("[W]e hold that a habeas petition filed after the district court
16 dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate
17 back to the original habeas petition.  This holding does not limit the district court's equitable
18 power to correct mistakes.").  Equitably tolling the time from April 4, 2010 to October 15, 2010,
19 renders the amended petition timely.  Respondents' motion to dismiss this action as time-barred
20 should therefore be denied on this alternative ground as well.
21          That does not, however, end the court's inquiry.  It must now turn to the question
22 of  whether in light of the Supreme Court's recent decision in Swarthout v. Cooke, 562
23 /////
24 /////
25 /////
26 /////

U.S. ___, 131 S. Ct. 859 (2011), petitioner is clearly not entitled to federal habeas relief in any event.[2]

### III.  AMENDED PETITION FOR WRIT OF HABEAS CORPUS

A. Procedural Background

Petitioner is confined pursuant to a 1983 judgment of conviction entered against him in the Los Angles County Superior Court following his conviction on a charge of first degree murder. (Doc. No. 8 at 1.) Pursuant to that conviction, petitioner was sentenced to twenty-seven years to life in state prison. (Id.)

The parole consideration hearing that is placed at issue by the instant amended federal habeas petition was held on June 28, 2007. (Doc. No. 1 at 118.) The record before the court establishes that petitioner appeared at and participated in that hearing. (Id. at 121, et seq.) Following deliberations held at the conclusion of the hearing, the Board panel announced their decision to deny petitioner parole for three years, as well as the reasons underlying that decision. (Id. at 187-194.)

B. Petitioner's Claims

Petitioner purportedly asserts four grounds for federal habeas relief.  First, he claims that the Board violated his right to due process by failing to properly apply California's "some evidence standard" and instead relying on unchanging factors such as the nature of his commitment offense to find him unsuitable for parole. (Doc. No. 8 at 4.) Petitioner argues that the Board failed to show any nexus between his past criminal acts and any current danger his release would pose to society. (Id. at 7.) Petitioner also contends that the Board's decision was not supported by current, reliable evidence. (Id. at 8.)

---

[2] Rule 4 of the Rules Governing Section 2254 Cases authorizes a judge to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 19990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

Second, petitioner claims that the Board violated his liberty interest under the Due Process Clause by failing to consider his rehabilitation. (Id. at 4.) Furthermore, petitioner challenges the Board's conclusion that his commitment offense (murder) was committed in an especially cruel and callous manner. (Id. at 8.) In this regard, petitioner argues that there is no evidence that his victim's murder was carried out execution-style or that the victim was tortured or defiled. (Id. at 8-9.)

Third, petitioner contends that the Board's decision to deny him parole consideration for three years was not supported by the record. (Id. at 5.) He argues that while the Board based this decision on his lack of vocational training, there were documents in the record before the Board panel that showed that he had earned a Vocational Completion Certificate. (Id.)

Fourth, petitioner claims that the Board and the state courts abused their discretion by finding him unsuitable for parole. (Id.) In support of this claim, petitioner repeats his argument that the Board did not have current and reliable evidence upon which to base its finding that his release would pose a threat to society, thereby denying him due process. (Id.)

Although petitioner purports to state four separate claims for federal habeas relief, the court concludes that these are not separate claims. Rather, in each of his arguments petitioner challenges the Board's 2007 decision to deny him parole solely on due process grounds. It is his contention that the Board's 2007 decision was not supported by "some evidence" as required under California law. Moreover, petitioner argues that the Board unreasonably determined the facts in light of the evidence before them and therefore erred in denying him parole. As will be explained below, such a claim is no longer cognizable in federal habeas proceedings.

C. <u>Scope of Review Applicable to Due Process Challenges to the Denial of Parole</u>

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the

deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout, 131 S. Ct. at 861-62 (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.") In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout, the Supreme Court reviewed two cases in which California prisoners were denied parole - in one case by the Board, and in the other by the Governor after the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment

requires fair procedures, "and federal courts will review the application of those constitutionally required procedures." Id. at 862. The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard. Id. at 862-63. See also Pearson, 639 F.3d at 1191.[3]

D. Discussion

As noted above, petitioner seeks federal habeas relief on the grounds that the Board's 2007 decision to deny him parole, and the findings upon which that denial was based, were not supported by "some evidence" as required under California law. Petitioner argues that the Board unreasonably determined the facts in light of the evidence before them and erred in denying him parole. However, under the Supreme Court's decision in Swarthout this court may not review whether California's "some evidence" standard was correctly applied in petitioner's case. 131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner

---

[3] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability. See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) (under the decision in Swarthout, California's parole scheme creates no substantive due process rights and any procedural due process requirement is met as long as the state provides an inmate seeking parole with an opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 639 F.3d at 1191 ("While the Court did not define the minimum process required by the Due Process Clause for denial parole under the California system, it made clear that the Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'")

The amended habeas petition pending before the court in this case reflects that petitioner was represented by counsel at his 2007 parole suitability hearing. (Doc. 1 at 121.) As noted above, the record also establishes that at that hearing petitioner was given the opportunity to be heard and received a statement of the reasons why parole was denied by the Board panel. That is all the process that was due petitioner under the Constitution. Swarthout, 131 S. Ct. 862; see also Miller, 642 F.3d at 716; Roberts, 640 F.3d 1046; Pearson, 639 F.3d at 1191. Accordingly, the pending petition will be dismissed because it plainly appears from the face of the petition and the exhibits annexed to it that the petitioner is not entitled to federal habeas relief with respect to his due process claims.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that petitioner's January 28, 2011 motion to stay respondents' motion to dismiss (Doc. No. 16), is denied, and petitioner's motion is construed as an opposition to the respondents' motion to dismiss.

Also, IT IS HEREBY RECOMMENDED that:

1. Respondents' December 20, 2010 motion to dismiss (Doc. No. 15) be denied; and

2. The amended petition for a writ of habeas corpus be summarily dismissed with prejudice for failure to state a cognizable claim for federal habeas relief and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the Board), overruled in part by Swarthout, 562 U.S. ___ , 131 S. Ct. 859 (2011).

DATED: July 30, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
thom1005.mtd

13